1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VIEWSONIC CORPORATION, a Delaware corporation, | ) ) ) | Case No.  CV09-4093 SJO (JCx) |
| Plaintiff, | ) ) | |
| vs. | ) ) | **STIPULATED** |
| ELECTROGRAPH SYSTEMS, INC., a New York Corporation; DOES 1 through 10, inclusive, | ) ) ) ) | **CONFIDENTIALITY ORDER** **[CHANGES MADE BY COURT]** |
| Defendants, | ) ) ) | |
| | ) | |

Based on the Stipulated Motion for Entry of Confidentiality Order of Plaintiff ViewSonic Corporation ("ViewSonic") and Defendant Electrograph Systems, Inc. ("Electrograph"), and good cause appearing therefor,

IT IS HEREBY ORDERED that any and all parties, and any non-party that agrees by written stipulation to be bound by the terms of this Confidentiality Order, may designate documents, information, or things disclosed or produced in this matter as "Confidential," or "Confidential – Attorneys' Eyes Only," in accordance with the following terms and conditions:

1. This Confidentiality Order shall govern discovery in this action and shall apply to all discovery documents, depositions, pleadings, exhibits and all other material

or information subject to discovery in this action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert deposition testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, or any other applicable procedural rule, hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party or witness who agrees in writing to be bound by the terms of this Confidentiality Order, in connection with this Action ("Discovery Material").

2.  As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who agrees in writing to be bound by the terms of this Confidentiality Order, including, but not limited to ViewSonic and Electrograph, who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any party and any non-party who agrees in writing to be bound by the terms of this Confidentiality Order, who receives, is shown, or is exposed to material or information pursuant to this Confidentiality Order.

3.  Any document, information, or tangible thing may be designated "Confidential" if it is determined by the designating party to contain non-public, confidential or proprietary information, including, but not limited to, information in any written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document,[1] information contained in a document, an item produced for inspection, information disclosed during a deposition, information revealed in an interrogatory answer, or otherwise.

4.  Any document, information, or thing may be designated "Confidential— Attorneys' Eyes Only" if it is determined by the designating party to contain commercially sensitive information not generally known to others and having significant competitive value, such that disclosure to others would create a substantial

---

[1]The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and shall include every writing and recording within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence.

risk of serious injury, including information related to any of the following:  technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, or financial information of the party, or any other information of such sensitivity to warrant Confidential—Attorneys' Eyes Only treatment, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, an item produced for inspection, information disclosed during a deposition, information revealed in an interrogatory answer, or otherwise.

5.    A Producing Party may designate any document or other tangible information or thing as "Confidential" or "Confidential—Attorneys' Eyes Only" by marking it in some conspicuous place with the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," respectively, as the case may be. In the case of a multi-page document, a Producing Party shall so mark each applicable page.   In the case of other tangible items, a Producing Party shall so mark any appropriate location.  For example, in the case of a computer disk, a Producing Party may so mark the disk cover.  In the case of an electronic document, a Producing Party may also mark the storage media, the folder name, and the file name under which the document is saved.

6.    A non-producing party may also designate any document, information, or thing produced during the course of this proceeding, which is not already designated "Confidential" or "Confidential—Attorneys' Eyes Only", as "Confidential" or "Confidential—Attorneys' Eyes Only" as if that party were a Producing Party.  A non-producing party shall accomplish such designation by notifying all parties in writing of the specific portion(s) of any such document, information or thing so designated, within thirty (30) days of the production of such document, information, or thing, during which period said items shall be treated as if they were designated "Confidential."  At the end of this thirty (30) day period, such documents, information, or things not specifically

designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall automatically revert to non-Confidential status.

7.     Any information disclosed during a deposition taken in this action may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only," as the case may be, by (a) written notice to all parties, within thirty (30) days of receiving a copy of the deposition transcript, of the specific information so designated, which shall identify any designated passages of the transcript by page and line number and any designated exhibits by number, or (b) a statement to that effect made on the record during the deposition.

     a.     A deposition transcript, including all exhibits thereto which have not previously been produced with non-Confidential status, shall be presumed "Confidential—Attorneys' Eyes Only" in its entirety until thirty (30) days following receipt of the transcript by that party.  If, after a deposition has been taken, any portion of the transcript or exhibits is designated by written notice as described above, all persons receiving such notice shall mark their copy or copies of the transcript with the requested designation in accordance with the marking provisions of Paragraphs 3 and 4 above.  At the expiration of the thirty (30) day period, any portion of a transcript, and any exhibit, that has not been specifically designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall automatically revert to non-Confidential status.

     b.     If any information disclosed during a deposition is designated by a statement made on the record as described above, the court reporter shall indicate on the cover page of the transcript that the transcript includes "Confidential" or "Confidential—Attorneys' Eyes Only" information, as the case may be, and shall identify on the cover page any designated passages of the transcript by page and line number (and any designated exhibits by number), and shall bind the transcript in separate portions that contain only "Confidential," "Confidential—Attorneys' Eyes Only," or non-Confidential material, respectively.  Further, for

the entire period during which any such designated information is being discussed in a deposition, any person present at the deposition who is not a Qualified Person, as defined below in Paragraph 10 regarding evidence designated "Confidential" and Paragraph 11 regarding evidence designated "Confidential-Attorneys' Eyes Only", or the court reporter, shall be excluded from the deposition.

c.    Counsel for any party to this Confidentiality Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Confidentiality Order to receive materials or information designated as "Confidential" or "Confidential-Attorneys' Eyes Only."   Such right of exclusion shall be applicable only during periods of examination or testimony directed to "Confidential" or "Confidential-Attorneys' Eyes Only" material.

8.    Should any party object to the designation of any document, information, or thing as "Confidential" or "Confidential—Attorneys' Eyes Only," that party and the designating party shall attempt to resolve such objection in good faith on an expedited and informal basis.  If the objection is not thereby resolved, the objecting party may apply for a ruling from the Court to decide the issue.  Where the objecting party objects that the material in question has been designated under the wrong category (*e.g.* as "Confidential—Attorneys' Eyes Only" rather than "Confidential"), the objecting party may apply for a ruling from the Court determining whether the material in question is designated properly under the terms of this Confidentiality Order.  Where the objecting party objects that the material in question may not be properly designated in *either* category under the terms of this Confidentiality Order, the objecting party may apply for a ruling from the Court determining whether the materials in question would, in the absence of this Confidentiality Order, be entitled to coverage by a protective order under applicable federal law.  The burden of establishing the proper designation, or that a separate protective order would be appropriate, shall remain on the party seeking to

have the information, documents, or things designated as "Confidential" or "Confidential—Attorney Eyes Only."  In the event the Court determines that the document, information or thing at issue merits such protection, it shall be categorized and marked as "Confidential" or "Confidential—Attorneys' Eyes Only" in accordance with the provisions of paragraphs 1 through 4 above.  Until the parties or the Court resolve any objection, all materials at issue shall be treated according to their disputed designations.

9.    All documents, information, or things produced, exchanged, or inspected in the course of this action shall be used solely for the purposes of resolving this action.

10.    All documents, information, or things designated as "Confidential" shall be made available only to the following Qualified Persons:

a.    the parties to this action, and the employees of the parties;

b.    counsel of record in this action, the employees of such counsel, outside vendors employed by such counsel for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this action;

c.    the person producing such materials;

d.    the proprietor or source of such materials; and

e.    the Court/Court personnel.

11.    All documents, information, or things designated as "Confidential—Attorneys' Eyes Only" shall be made available only to the following Qualified Persons:

a.    trial counsel to the parties, the employees of such counsel, outside vendors employed by such counsel for purposes of scanning, reproducing, or numbering documents, information, or things, and independent testifying or independent non-testifying experts or trial consultants retained by such counsel or by the parties in connection with this action;  specifically excluded from this list

are the parties to this action, including their shareholders, directors, officers, employees, and any other agent (other than in-house counsel);

      b.    in-house counsel for either party, provided, however, that in-house counsel shall not be permitted to remove any documents, information, or things designated as "Confidential—Attorneys' Eyes Only" (or any written notes related thereto) from the offices of his or her respective trial counsel;

      c.    the person producing such materials;

      d.    the person who is the proprietor or source of such materials; and

      e.    the Court/Court personnel.

12.    Materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall not be made available to persons other than those enumerated in Paragraphs 10 or 11 above, respectively, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits; the materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" must be removed before the remaining materials may be made available to such other persons.

13.    No documents, information, or things designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be disclosed to testifying or non-testifying experts or consultants pursuant to the terms of paragraphs 10 or 11 above unless and until five (5) business days have passed since completion of all of the following: (a) such experts or consultants have been supplied with and have read a copy of this Confidentiality Order, (b) such experts or consultants have executed an Undertaking in the form attached hereto as Exhibit A, and (c) counsel for the party seeking disclosure have forwarded a signed copy of the Undertaking to all other parties.

14.    Subject to any overriding rules or rulings imposed by the Court in this action, no documents, information, or things designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be filed with the Court as provided by the applicable rules or rulings.  To the extent reasonably possible, only those portions of a filing with the Court that contain material designated as "Confidential" or

"Confidential—Attorneys' Eyes Only" shall be submitted for filing under seal pursuant to Local Rule 79-5.1.   To the extent that no "Confidential" or "Confidential—Attorneys' Eyes Only" information is actually disclosed, the parties may refer to and quote from documents designated in-part as "Confidential" or "Confidential—Attorneys' Eyes Only" in their pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file to submit such pleadings, motions, briefs, affidavits, or exhibits for filing under seal.

15.   Nothing in this Confidentiality Order shall preclude any party to this action or its counsel from:

a.   disclosing materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" to an individual who either prepared or reviewed the materials prior to the filing of this action, or is shown by the materials to have received them;

b.   disclosing or using, in any manner or for any purpose, any document, information, or thing that is already rightfully in the possession of the Receiving Party at the time of production, or that the party itself designated as "Confidential" or "Confidential—Attorneys' Eyes Only";

c.   disclosing or using, in any manner or for any purpose, any document, information, or thing obtained from a source other than discovery or to which a party has a right of access independent of discovery;

d.   disclosing or using, in any manner or for any purpose, any document, information, or thing that is at the time of its production or disclosure – or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party – available without restriction to the public or otherwise through publication or otherwise;

e.   disclosing or using, in any manner or for any purpose, any document, information, or thing at the trial of this matter.   However, if a party intends to use or offer into evidence at such trial any materials designated as

"Confidential" or "Confidential—Attorneys' Eyes Only," that party shall, unless otherwise ordered by the Court, so inform the designating party by a reasonable time in advance in order that the designating party may take such steps as are reasonably necessary to protect such materials.

16.    If any Receiving Party is served with a subpoena or similar process, from any entity whatsoever, directing such Receiving Party to produce any materials that have been designated by any *other* party as "Confidential" or "Confidential—Attorneys' Eyes Only," counsel for that Receiving Party (or the Receiving Party itself if not represented by counsel) shall (a) immediately give counsel for the designating party written notice of the fact of such service so that the designating party may take such steps as are reasonably necessary to protect such materials; and (b) unless otherwise required by law, shall not produce in response to the subpoena materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only," sooner than thirty days from the provision of such written notice to the designating party or the date on which any motion for a protective order filed in connection with the subpoena within such thirty day period has been resolved, whichever is later.

17.    The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine.  In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver.  Upon a request from a party that has inadvertently produced any document which it believes may be subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall return it and all copies within five (5) business days to the Producing Party.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document.  Such a record of the identity and

nature of a document may not be used for any purpose other than preparation of a motion to compel in this action.  After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by motion to the Court.

18.     The inadvertent failure by a Producing Party to designate Discovery Material as "Confidential" or as "Confidential-Attorneys' Eyes Only" shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is "Confidential" or "Confidential-Attorneys' Eyes Only" within seven (7) days from when the failure to designate first became known to the Producing Party.  The party receiving Discovery Material that the Producing Party inadvertently failed to designate as "Confidential" or "Confidential-Attorneys' Eyes Only" shall not be in breach of this Confidentiality Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate.  Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under those applicable paragraphs of this Confidentiality Order.  If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph, to the extent possible, the information and/or data will be expunged and not used by the Receiving Party for any purpose.

19.     In the event of disclosure of Discovery Material designated "Confidential" or "Confidential-Attorneys' Eyes Only" to any person not authorized to such access under this Confidentiality Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party

whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

20.   Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be returned to the Producing Party or destroyed except as otherwise indicated in this paragraph.  Counsel for the parties may retain one complete set of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action.  Counsel for the Receiving Party shall provide written verification to the Producing Party that all copies of such materials produced to the Receiving Party have been returned or destroyed, other than as indicated in this paragraph.   Materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" that are in the custody of the Court are excepted from the terms of this paragraph.

21.   None of the provisions of this Confidentiality Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" has/had been:

(a)   available to the public at the time of its production hereunder;

(b)   available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)   known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d)   obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as "Confidential" or as "Confidential-

Attorneys' Eyes Only"; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e)     obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f)     previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

22.     The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)-(f) in Paragraph 21.

23.     The terms of this Confidentiality Order shall remain in effect after the action and any related appeals and/or applicable settlement agreements are concluded, except that there shall no longer be any restriction on use of designated materials that have been used as exhibits at trial (unless the Court affirmatively orders otherwise).

24.     The parties agree that the terms of this Confidentiality Order shall survive and remain in effect after the termination of this action.  The Court shall retain jurisdiction to hear disputes arising out of this Confidentiality Order.

25.     This Confidentiality Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate.  Nothing in this Confidentiality Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be produced at all.

26.     The entry of this Confidentiality Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

27.     [DELETED – COVERED BY PARAGRAPH 16]

28.    All notices required by any paragraphs of this Confidentiality Order are to be made by U.S. Mail to counsel representing the noticed party, if possible, or to the party if unrepresented.  The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Producing Party.  All specified time periods are in calendar days.

29.    Execution of this Confidentiality Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this action or any other proceeding.

30.    Nothing in this Confidentiality Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of "Confidential" or "Confidential-Attorneys' Eyes Only" material produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of "Confidential" or "Confidential-Attorneys' Eyes Only" material produced by any other party or non-party.

31.    No Receiving Party may produce "Confidential" or "Confidential-Attorneys' Eyes Only" material to any other person, except in conformance with this Confidentiality Order.  Each Receiving Party agrees to subject himself/herself/itself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Confidentiality Order.

32.    Any party may move at any time to modify the terms of this Confidentiality Order.  A party seeking to modify this Confidentiality Order shall

///

///

request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

     IT IS HEREBY STIPULATED AND AGREED TO BY AND BETWEEN:

ZARIAN MIDGELY & JOHNSON, PLLC

By: /s/John N. Zarian
     John N. Zarian
Attorney for Plaintiff ViewSonic Corporation.

BARTON, KLUGMAN & OETTING LLP

SHECTMAN HALPERIN SAVAGE LLP

By: /s/Terry L. Higham
     Terry L. Higham
Attorney for Defendant Electrograph Systems, Inc.

     Good cause appearing, IT IS SO ORDERED.

DATED:  June 29, 2010

                /s/
             Hon. Jacqueline Chooljian

EXHIBIT A

<u>UNDERTAKING</u>

I, _____ (name), of _____

_____ (employer

and business address), am about to receive information, documents, or things designated

as Confidential or Confidential—Attorneys' Eyes Only under the Stipulated

Confidentiality Order dated _____, 2010, entered by the United States District

Court for the Central District of California, in *ViewSonic Corp. v. Electrograph

Systems, Inc.*, Case No. CV09-4093 SJO (JCx) ("Confidentiality Order").

I hereby represent and certify that I have received a copy of and have read the

Confidentiality Order, and that I understand the same.  I hereby further certify that I am

one of the persons allowed under Paragraph 10 or 11 of the Confidentiality Order to

receive access to documents, information, or things designated Confidential or

Confidential—Attorneys' Eyes Only, respectively.

I agree to be bound by the terms and conditions of the Confidentiality Order,

specifically including the requirement that documents, information, and things I may

receive that are designated as Confidential or Confidential—Attorneys' Eyes Only, as

well as all copies, notes, summaries, and other records made regarding or containing

such designated materials, shall be disclosed to no one except as specifically allowed by

Paragraph 10 or 11 of the Confidentiality Order, as applicable.  I also agree, for the

duration of the legal action identified above, to retain in a container, drawer, cabinet,

room, or other location which is secured in such fashion that no one else has access to

them all materials in my custody that relate to or contain designated documents,

information or things.  Within thirty (30) days of the conclusion of this action, I further

agree to destroy all such materials or to deliver them to counsel for the party from which

I received designated documents, information or things.

I further understand that violation of the Confidentiality Order may be punishable by contempt of Court, and I consent and submit to the jurisdiction of the United States District Court for the Central District of California with respect to the enforcement of any of the terms of the Confidentiality Order and this Undertaking.

_____          _____

Date                                            Signature